IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY SMITH, on behalf of himself and all other similarly situated persons, known and unknown, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LIQUORS GALORE, LLC d/b/a MAPLE PARK )<br>WINE & SPIRITS and NISHANT M. PATEL, )<br>)<br>Defendants. ) | No.<br><br>Judge: |

**COMPLAINT**

Plaintiff Jeremy Smith ("Plaintiff"), on behalf of himself and all other similarly situated persons, known and unknown, by his attorneys, for his Complaint against Defendants Liquors Galore, LLC d/b/a Maple Park Wine & Spirits (hereinafter "Liquors Galore") and Nishant M. Patel (hereinafter "Patel") (collectively "Defendants") states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq*. ("FLSA"), and the Illinois Minimum Wage Law, 820 ILCS § 105/1 *et seq*. ("IMWL"), for Defendants' failure to pay minimum wages and overtime pay to Plaintiff and similarly situated employees for time they worked for Defendants in excess of forty (40) hours in one or more individual workweeks.

2. During the prior three years, Plaintiff and other similarly-situated, current and former employees worked for Defendants and were not paid minimum wages.

3. During one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated hourly employees worked for Defendants in excess of forty (40) hours per

week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

4. Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit A.

5. Defendants agreed to toll Plaintiff's claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law, and any other state wage and hour law, as of August 31, 2015. See Exhibit B, attached hereto

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. § 216(b), pursuant to 28 U.S.C. § 1331.

7. This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to 28 U.S.C. § 1367.

8. Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

9. Plaintiff Jeremy Smith resides in and is domiciled within this judicial district.

10. Defendant Patel is a manger and operator of Defendant Liquors Galore, LLC d/b/a Maple Park Wine & Spirits.

11. Defendant Patel is involved in the day-to-day business operations of Defendant Liquors Galore, LLC d/b/a Maple Park Wine & Spirits. Among other things, Mr. Patel hires and fires employees, directs and supervises the work of employees, signs on Defendant Liquors Galore, LLC d/b/a Maple Park Wine & Spirits checking accounts, including paychecks, and makes decisions

regarding employee compensation and capital expenditures.

12. Defendant Liquors Galore is an Illinois corporation. Defendant Liquors Galore is an "enterprise" as that term is defined in Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

13. Defendant Liquors Galore is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29 U.S.C. § 203(s)(1)(A).

14. During the last three years, Defendant Liquors Galore's annual gross volume of sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

15. During the course of his employment with Defendant Liquors Galore, Plaintiff handled goods that moved in interstate commerce.

16. Defendant Liquors Galore is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

17. Defendant Liquors Galore is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

18. Plaintiff is Defendant Liquors Galore's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

19. Plaintiff is Defendant Liquors Galore's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

20. Defendant Patel is Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

21. Defendant Patel is Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

22. Plaintiff is Defendant Patel's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

23. Plaintiff is Defendant Patel's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

24. Upon information and belief, Defendant Patel resides within this judicial district.

**BACKGROUND FACTS**

25. Plaintiff is a former employee of Defendants.

26. Plaintiff worked for Defendants between approximately July 2012 and August 10, 2015.

27. At all times relevant hereto, Plaintiff and other similarly-situated hourly employees were not exempt from the minimum wage provisions of the FLSA and the IMWL.

28. Between July 2012 and approximately June 2014, Plaintiff was paid $350 a week for 68 hours of work, or $5.15 per hour, which was $3.10 less than the required minimum wage.

29. Between approximately July 2014 and May 2015, Plaintiff was paid $350 a week for 58 hours of work, or $6.03 per hour, which was $2.22 less than the required minimum wage.

30. In June 2015, Plaintiff was paid $215 a week for 30 hours of work, or $7.17 per hour, which was $1.08 less than the required minimum wage.

31. Between approximately July 2015 and August 2015, Plaintiff was paid $215 a week for 30 hours of work, or $7.17 per hour, which was $2.83 less than the required minimum wage.[1]

32. The federal minimum wage has been $7.25 since July 24, 2009.

---

[1] Defendant Liquors Galore is located within the City of Chicago. Pursuant to City of Chicago Minimum Wage Ordinance (Chapter 1-24, Section 1-24-020) as of July 1, 2015, Defendants were required to pay their employees a minimum wage of $10.00 per hour.

4

33. The applicable minimum wage in the State of Illinois has been $8.25 per hour since January 1, 2011.

34. The applicable minimum wage in the City of Chicago has been $10.00 per hour since July 2015.

35. At all times relevant hereto, Plaintiff and other similarly-situated hourly employees were not exempt from the overtime provisions of the FLSA and the IMWL.

36. In one or more weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work weeks.

37. For example, between approximately July 2012 through June 2014, Plaintiff worked 68 hours per week, 6 days per week (Sundays from 11am to 7pm, and Tuesdays through Saturdays from 9am to 9pm).

38. In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) when he worked more than forty (40) hours per work week.

39. In one or more weeks during the prior three (3) years, Defendants did not pay other hourly employees overtime pay at a rate of one and one-half times their regular rates of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) when they worked more than forty (40) hours per work week.

40. Instead, Plaintiff and other hourly employees were paid their straight time regular rate for all time worked.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 40 of this Complaint, as if fully set forth herein.

41. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, in failing to pay overtime pay to Plaintiff and similarly situated employees for all time worked in excess of forty (40) hours in one or more individual workweeks.

42. In one or more individual workweeks, Plaintiff worked in excess of forty (40) hours per week.

43. Pursuant to 29 U.S.C. § 207, Plaintiff was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in individual workweeks.

44. In one or more individual workweeks, other non-exempt employees employed by Defendants worked in excess of forty (40) hours per week.

45. Pursuant to 29 U.S.C. § 207, similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in individual workweeks.

46. In one or more individual workweeks, Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in

individual workweeks.

47. In one or more individual workweeks, Defendants did not compensate other non-exempt employees at a rate of one and one-half times their regular hourly rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in individual workweeks.

48. Defendants' failure to pay overtime pay to Plaintiff in one or more individual workweeks for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

49. Defendants' failure to pay overtime pay to similarly situated employees in one or more individual workweeks for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

50. Defendants willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff overtime pay for all time worked in excess of forty (40) hours per week.

51. Defendants willfully violated the Fair Labor Standards Act by refusing to pay similarly situated employees overtime pay for all time worked in excess of forty (40) hours per week.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C. liquidated damages in an amount equal to the amount of unpaid overtime wages;

D. reasonable attorneys' fees and costs incurred in the filing and prosecution of this

action; and

E.     such other and further relief as this Court deems just and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 51 of this Complaint, as if fully set forth herein.

52.    This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

53.    The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the IMWL, 820 ILCS 105/4a.

54.    Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular hourly rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in individual workweeks.

55.    Defendants violated the IMWL by refusing to compensate Plaintiff at one and one-half times his regular hourly rate of pay (or one and one half times the higher of the applicable local or Illinois minimum wage) for all time worked in excess of forty (40) hours in one or more individual workweeks.

56.    Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of the underpayments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

8

    A.    judgment in the amount of all overtime wages to Plaintiff under the IMWL;

    B.    punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

    D.    such other and further relief as this Court deems just and proper.

## COUNT III
### Violation of the Fair Labor Standards Act - Minimum Wages
### (Collective Action)

Plaintiff hereby realleges and incorporates paragraphs 1 through 56 of this Complaint, as if fully set forth herein.

57. This Count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, in failing to pay minimum wages to Plaintiff and similarly situated employees for all time they worked for Defendants.

58. Plaintiff worked for Defendants, but was not paid the applicable mandated minimum wage for all of the time he worked in one or more individual workweeks.

59. Pursuant to 29 U.S.C. §206, for all time that Plaintiff worked for Defendants, in one or more individual workweeks, he was entitled to be compensated at least at the then applicable federally mandated minimum wage.

60. Other non-exempt employees worked for Defendants, but were not paid the applicable mandated minimum wage for all time they worked in one or more individual workweeks.

61. Pursuant to 29 U.S.C. §206, for all time that similarly situated employees worked for Defendants, in one or more individual workweeks, they were entitled to be compensated at least at the then applicable federally mandated minimum wage.

62. Defendants violated the FLSA by refusing to pay Plaintiff minimum wages for all

time worked in one or more individual workweeks.

63. Defendants violated the FLSA by refusing to pay similarly situated employees minimum wages for all time worked in one or more individual workweeks.

64. Defendants willfully violated the FLSA by refusing to pay Plaintiff minimum wages for all time worked in one or more individual workweeks.

65. Defendants willfully violated the FLSA by refusing to pay similarly situated employees minimum wages for all time worked in one or more individual workweeks

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. A judgment in the amount of unpaid minimum wages for all time that Plaintiff worked;

C. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiff is found to be due and owed;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Illinois Minimum Wage Law - Minimum Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 65 of this Complaint, as if fully set forth herein.

66. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

67. This count arises from Defendants' violation of the minimum wage provisions of the

Illinois Minimum Wage Law. 820 ILCS 105/1 *et seq.* Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

68. Pursuant to 820 ILCS 105/4, for all time Plaintiff worked for Defendants, he was entitled to be compensated at the then applicable Illinois Minimum Wage.

69. Defendants violated the IMWL by failing to compensate Plaintiff at the then applicable Illinois Minimum Wage for all time worked in one or more individual workweeks.

70. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover his unpaid wages, plus prejudgment interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B. Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the City of Chicago Minimum Wage Ordinance - Minimum Wages
### (Plaintiff Individually Only)

Plaintiff hereby realleges and incorporates paragraphs 1 through 70 of this Complaint, as if fully set forth herein.

71. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

72. This count arises from Defendant's violation of the minimum wage provisions of the City of Chicago Minimum Wage Ordinance. Chapter 1-24, Section 1-24-020. Plaintiff brings this action pursuant to Chapter 1-24, Section 1-24-110.

73. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, for all time Plaintiff worked for Defendants, he was entitled to be compensated at the applicable City of Chicago Minimum Wage.

74. Defendants violated the City of Chicago Minimum Wage Ordinance by failing to compensate Plaintiff at the then applicable City of Chicago Minimum Wage for all time worked in one or more individual workweeks.

75. Pursuant to City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110, Plaintiff is entitled to recover three times the amount of any underpayment, along with costs and reasonable attorneys' fees allowed by the court.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of Plaintiff's unpaid minimum wages for all time worked;

B. Punitive damages as set forth in City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-110;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

s/Douglas M. Werman
One of the Attorneys for Plaintiff

Douglas M. Werman
Maureen A. Salas
Sarah J. Arendt
Zachary C. Flowerree
Werman Salas P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
(312)419-1008
Attorneys for Plaintiff